# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN R. VENEY, | ) |
| Plaintiff, | ) 2:20-cv-63-NR |
| v. | ) |
| AMERICAN EAGLE OUTFITTERS, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**J. Nicholas Ranjan, United States District Judge**

Plaintiff Justin Veney filed this lawsuit alleging that American Eagle Outfitters discriminated against him when it refused to hire him based on his race. [ECF 2]. Mr. Veney has also moved to proceed *in forma pauperis* [ECF 1] and for the appointment of counsel [ECF 3]. The Court will grant Mr. Veney leave to proceed *in forma pauperis*, dismiss his complaint with leave to amend, and deny his request for the appointment of counsel.

## BACKGROUND

Piecing together statements from the complaint and the *in forma pauperis* motion, Mr. Veney appears to be alleging race discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*

Specifically, Mr. Veney alleges that he interviewed for a position at an American Eagle store in the Beaver County Mall in July 2018. [ECF 1, at 7]. Mr. Veney does not describe that position in any way. [*Id.*]. The store manager, "Justin," conducted the interview. [*Id.*].

On September 2, 2018, Mr. Veney attended orientation led by day manager, Luke D. Hungerman. [*Id.*]. At some point during the hiring process a problem arose, and the store could not successfully onboard Mr. Veney. [*Id.*]. Justin then told Mr. Veney he would have to be re-entered into American Eagle's system before he could begin work. [*Id.*]. Soon after, Mr. Veney completed a "voluntary tax credit" document. [*Id.*]. After calling the store to check on his status, Mr. Veney claims that a store associate named "Mckenzie" and Mr. Hungerman gave him the "run around." [*Id.*]. Apparently, American Eagle never officially hired Mr. Veney. [*Id.*].

Mr. Veney claims that the American Eagle store at the Beaver County Mall "has zero African Americans." He further claims that on the day of his orientation, a "young lady" was staring at him, which prompted Mr. Hungerman to remark that "He'll be working at nights. Don't worry." [*Id.*].

Mr. Veney filed a charge of discrimination with the EEOC and received a right-to-sue letter on September 27, 2019. [*Id.* at 6]. Mr. Veney started this case by mailing a motion to proceed *in forma pauperis*, a complaint, and motion for the appointment of counsel to the United States District Court for the Southern District of Illinois on December 26, 2019. [ECF 2, at 20]. The Southern District of Illinois then forwarded those materials to the United States District Court for the Eastern District of Pennsylvania, who in turn transferred the case to this Court. [ECF 5].

Along with pleading his race discrimination claims, Mr. Veney also checked boxes on the Eastern District's *pro se* complaint form suggesting that he wants to bring claims for "retaliation" and "sexual discrimination." [ECF 2, at 2]. But Mr. Veney has included no factual allegations about those claims.

## DISCUSSION & ANALYSIS

### I. Mr. Veney may proceed *in forma pauperis.*

"District courts have discretion to grant or deny a motion requesting *in forma pauperis* under 28 U.S.C. § 1915(a) for civil actions or 42 U.S.C. § 2000e-5(f)(1) for actions brought under Title VII of the Civil Rights Act of 1964." *Pluck v. Potter*, No. 02-8909, 2002 WL 32107629, at *1 (E.D. Pa. Dec. 17, 2002) (citations omitted). "Factors to apply in making the determination include whether the plaintiff owns any real property, whether he or she is employed, whether he or she is the recipient of a pension and the number of dependents that rely on him or her for support." *Urban v. Henderson*, No. 99-4244, 1999 WL 675466, at *1 (E.D. Pa. Aug. 3, 1999) (citation omitted).

The Court has reviewed Mr. Veney's representations about his financial condition and, based on those representations, agrees that he cannot pay the fees to start his case. Thus, the Court will grant Mr. Veney *in forma pauperis* status.

### II. Mr. Veney's complaint must be dismissed.

Having determined that Mr. Veney may proceed *in forma pauperis*, the Court "must review the pleadings and dismiss the matter if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for this Court's subject matter jurisdiction." *Duglas v. Kamper*, No. 19-3010, 2019 WL 3230931, at *1 (E.D. Pa. July 17, 2019) (citing 28 U.S.C. § 1915(e)(2)(B)).

"When considering dismissal Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6)." *Hope v. Pershing, a Bank of N.Y. Mellon Co.*, No. 18-17298, 2019 WL 1261403, at *1 (D.N.J. Mar. 18, 2019) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)). That is, the Court must

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (all internals omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). In the employment discrimination context, a complaint that provides adequate facts to establish "how, when, and where" the discrimination occurred will satisfy the pleading standard. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

Since Mr. Veney is currently unrepresented by counsel, the Court will liberally construe his allegations and hold him to a less stringent standard than that applied to pleadings filed by attorneys. *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). "The Court, however, need not credit a *pro se* plaintiff's bald assertions or legal conclusions." *Hope*, 2019 WL 1261403, at *2 (all internals omitted).

Even when liberally construed, as currently pled, Mr. Veney's complaint must be dismissed because he has not set forth enough facts to state a claim for race discrimination under Title VII or the PHRA.[1]

To state a viable race discrimination claim, Mr. Veney must show that: "(1) [he] is a member of a protected class; (2) [he] was qualified for the position in question; (3) [he] suffered an adverse employment action; and (4) that adverse employment action gives rise to an inference of unlawful

---

[1] The Third Circuit has stated that "[c]laims under the PHRA are interpreted coextensively with Title VII claims." *Atkinson v. LaFayette College*, 460 F.3d 447, 454 n.6 (3d Cir. 2006) (citation omitted). Thus, the analysis of the Title VII claim in this opinion applies to the PHRA claim.

discrimination." *Tourtellotte v. Eli Lilly & Co.*, 636 F. App'x 831, 842 (3d Cir. 2016) (citations omitted).

Mr. Veney plausibly pleads the first and third elements of his race discrimination claim. As an African American, Mr. Veney belongs to a protected class. And his allegation that American Eagle did not hire him is enough to show that he suffered an adverse employment action.

Mr. Veney's complaint falls short on the other two elements, however. There is no way of knowing whether Mr. Veney was qualified for the position at American Eagle because he has not described that position in any way. Mr. Veney has not included in his filings the job title or the duties he would have been expected to perform had American Eagle hired him. Nor has Mr. Veney pled his qualifications for the job at American Eagle—the complaint contains no descriptions of his prior relevant experience or the personal attributes that would have made him well-suited for the position.

Additionally, Mr. Veney does not sufficiently plead circumstances that support an inference of discrimination. To support such an inference, Mr. Veney must either: "(1) allege that similarly situated employees who were not members of the same protected class were treated more favorably under similar circumstances or (2) allege facts that otherwise show a causal nexus between [his] membership in a protected class and the adverse employment action." *Drummer v. Trustees of Univ. of Pa.*, 286 F. Supp. 3d 674, 681 (E.D. Pa. 2017) (all internals omitted). Mr. Veney has done neither.

Mr. Veney's race discrimination claim is based solely on the following factual allegations: (1) the store to which he applied had "zero African Americans" [ECF 1, at 7]; (2) someone at American Eagle "admitted" that the

company "dropped the ball" during the hiring process[2] [ECF 3, at 2]; and (3) on the day of his orientation, his potential manager told a "young lady" that Mr. Veney would only be working at night [ECF 1, at 7].  From those facts, Mr. Veney makes the conclusory allegation that American Eagle's decision not to hire him was "guided by racism."  [ECF 3, at 2].  That is not enough.

Other than stating that the store had no other African Americans, Mr. Veney makes no allegations that race was the reason American Eagle did not hire him.  *See Hope v. Pershing*, 782 F. App'x 228, 229 (3d Cir. 2019) (affirming dismissal of race discrimination claim where *pro* se plaintiff "alleged only that she was the sole African American member of her team, that she received criticism for her work, and that she was ultimately removed from her employment" and did not link "the criticism or her removal to her race").  Mr. Veney also does not allege that similarly situated applicants who were not in his protected class were treated differently.

Courts routinely have declined to find discriminatory animus where "allegations of discrimination consist solely of conclusory assertions that these adverse employment actions were the result of discrimination based on [the plaintiff's] race. . .."  *Baig v. Nuclear Regulator Comm'n*, No. 10-0842, 2011 WL 2214660, at *4 (D.N.J. June 6, 2011) (finding that "[s]imply because an individual belongs in a protected class and was terminated does not raise an inference that the termination was due to discrimination"); *see also Guirguis v. Movers Specialty Servs., Inc.*, 346 F. App'x 774, 775 (3d Cir. 2009) (finding that the "averments contain no facts supporting an inference that Movers terminated Guirguis on the basis of his national origin.  Indeed, the complaint

---

[2]  Mr. Veney does not plead the identity of the American Eagle employee who made this statement, when it was made, or where it was made.  These are the kind of details that Mr. Veney should have in his complaint.

never intimates in any way why Guirguis believes that national origin motivated Movers' actions."). That is exactly the extent of Mr. Veney's allegations of racial discrimination here and the Court must dismiss his complaint.³

Because Mr. Veney is *pro se*, the Court will grant him leave to file an amended complaint to cure the deficiencies outlined above. If Mr. Veney decides to file an amended complaint, he should include allegations that explain why he believes race was a motivating factor in American Eagle's decision not to hire him.

**III. The Court will not appoint counsel for Mr. Veney at this time.**

Indigent litigants have no constitutional or statutory right to appointed counsel in a civil case. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). However, Congress has given trial courts the discretion to appoint counsel in cases brought under Title VII. *See* 42 U.S.C. § 2000e-5(f)(1).

In deciding whether to appoint counsel, the Court must first determine whether Mr. Veney's claim "ha[s] some merit in fact and law." *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997). If Mr. Veney's claim has merit, then the Court must consider: "(1) [Mr. Veney's] ability to present [his] own case; (2) the complexity of the legal issues; (3) whether factual investigation will be necessary and [Mr. Veney's] ability to conduct such an investigation; (4) whether the case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether [Mr. Veney] can afford or otherwise obtain *pro bono* counsel without the Court's assistance." *Kerr v. Christian Care Health Sys.*, No. 10-1084, 2010 WL

---

³ Mr. Veney's threadbare "retaliation" and "sexual discrimination" claims do not warrant a full analysis because they include no facts, and therefore clearly do not state claims.

1047808, at *2 (E.D. Pa. Mar. 19, 2010) (citing *Tabron v. Grace*, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993)).

Because the Court is dismissing Mr. Veney's complaint, by definition, he cannot show that his claims, as currently pled, have some merit in fact or law. Thus, the Court will deny his request for counsel at this time. *Brandon v. Tucker House*, No. 19-5702, 2019 WL 6715455, at *3 (E.D. Pa. Dec. 10, 2019) (denying motion for appointment of attorney where court dismissed Title VII claims). If Mr. Veney files an amended complaint, he can re-file his motion to appoint counsel.

## CONCLUSION

For all these reasons, the Court will grant Mr. Veney leave to proceed *in forma pauperis* but dismiss his complaint for failing to state a viable claim. This dismissal is without prejudice to amendment. The Court will also deny without prejudice Mr. Veney's motion for appointment of an attorney. An appropriate order follows.

DATED this 6th day of February, 2020.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge